# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 01-00093 |
| | ) | CIVIL ACTION NO. 03-0680-CB |
| BYRON A. MONCRIEF, | ) | |
| Defendant/Petitioner. | ) | |

## ORDER

This matter is before the Court on a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by Byron A. Moncrief, a person in federal custody. (Doc. 347.) After reviewing the motion, the government's response and all other relevant documents and evidence on file, the Court finds that the motion is due to be denied without an evidentiary hearing.

**Facts**

In May 2001, petitioner Byron Moncrief and nine codefendants were charged in a 31-count indictment. Petitioner was named in two counts–Count One, which charged that from about 1995 to January 14, 2001, the defendants conspired to possess with intent to distribute 4,600 pounds of marijuana, and Count Thirty-one, a forfeiture count. Prior to trial, petitioner filed two motions to suppress evidence and statements obtained as a result of two traffic stops involving the petitioner (one in 1995 and another in 1996), and a 1995 search of the petitioner at the New Orleans airport. A suppression hearing was held prior to trial. One suppression motion was denied in its entirety and the other was granted in part and denied in part. Petitioner went to trial and was convicted on Count One. He was sentenced to a term of imprisonment of 51 months. Petitioner appealed on the ground that the evidence was insufficient to sustain his conviction. On July 10, 2002, the Eleventh Circuit affirmed

petitioner's conviction. The instant motion was filed on November 21, 2003.

The government's evidence at trial established a conspiracy to distribute marijuana led by defendants Tommie Lee Sanders, Marcshall Sanders and Padra Locket. The evidence implicated petitioner as a courier involved in trafficking marijuana between Alabama and Texas in 1995 and 1996. On September 30, 1995 petitioner and his passenger stopped by a Louisiana state trooper on I-10 between Mobile and Houston. Inside the car officers found $25,000 in cash. The money was seized, and petitioner was given a receipt. Later, that receipt was found inside an envelope addressed to Padra Lockett. The receipt and envelope were found during the search of a residence used by Tommie Lee Sanders. On December 14, 1995, petitioner was stopped at the New Orleans airport along with two others--a coconspirator named Wayne Langam and Padra Lockett's father. Petitioner had $10,000 in cash in his possession. In all, the three were carrying more than $28,000 in cash. On May 31, 1996 petitioner was stopped by the police in Beaumont, Texas after an officer noticed petitioner's vehicle and another vehicle traveling in tandem. The other vehicle was carrying 96 pounds of marijuana. Although petitioner denied knowing the driver, that vehicle was rented in petitioner's name.

**Issues Presented**

Petitioner asserts three claims for relief, all based on ineffective assistance of counsel. First, he contends that trial counsel was constitutionally ineffective because he failed to object to evidence of the 1995 currency seizures on statute of limitations grounds. Second, petitioner argues that counsel's performance was deficient because he failed to effectively advocate his objection to a two-level sentencing enhancement based on the possession of a weapon during a drug-trafficking offense. Third, petitioner contends that counsel was ineffective for failing to raise the sentencing enhancement issue on

appeal.

**Applicable Law**

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. *Addonizio v. United States*, 442 U.S. 178, 185 (1979). In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. One way is the method chosen by petitioner in this case, that is, by asserting that the claims were defaulted due to constitutionally ineffective performance by counsel. *Cross*, 893 F.2d at 1290. To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial." *Id.* However, "[c]onclusory allegations of ineffective assistance are insufficient" *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance of counsel." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* 466 U.S. at 686.

> When reviewing whether an attorney is ineffective, courts should always presume strongly that counsel's performance was reasonable and adequate. ... Even if many reasonable lawyers would not have done as

3

> defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioners' to bear, is and is supposed to be a heavy one. And, we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately. Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (internal quotations and citations omitted).

**Analysis**

### Issue 1: Counsel's Failure to Interpose Statute of Limitations Objection

With respect to the limitations issue raised by petitioner, counsel's performance clearly was not deficient. Petitioner argues that counsel should have objected to evidence of the 1995 currency seizures as time-barred because they occurred outside the 5-year statute of limitation. However, the incidents were clearly within the time period encompassed by the conspiracy. And because at least some portion of the conspiracy occurred within the limitations period, the earlier incidents are not time-barred. *United States v. Hairston*, 329 F.3d 779, 783 (11th Cir. 2003). Counsel was not unreasonable for failure to raise an objection that would not have been successful, and petitioner was not prejudiced by counsel's failure to do so.

### Issues 2 & 3: Counsel's Unsuccessful Objection and Failure to Appeal the Gun Enhancement

Similarly, counsel's failure to successfully advocate an objection to the gun enhancement or to raise that issue on appeal does not amount to deficient performance because the enhancement was warranted. Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides for a 2-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." The

commentary to that section states: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." U.S.S.G. § 2D1.1, comment. (n. 3). It was not "clearly improbable" that petitioner carried the weapon in connection with his transportation of codefendants' drug money. There was evidence at trial that petitioner and others transported drugs and money between Mobile and Houston as part of the conspiracy. Petitioner was stopped between Houston and Mobile and found to be carrying a gun and $25,000 in currency, which he disclaimed. That money was subsequently linked to two of the leaders of the conspiracy through a receipt petitioner received from the police when the money was seized. In light of this evidence, defense counsel's objection to the gun enhancement could not have been successful, no matter how skillfully presented, and an appeal on this issue would have been futile. In sum, counsel's actions regarding the enhancement did not amount to constitutionally ineffective assistance of counsel.

**Conclusion**

Petitioner's claims that he received constitutionally ineffective assistance of counsel are without merit. Consequently, petitioner is not entitled to relief. Accordingly, it is **ORDERED** that the motion to vacate, set aside or correct sentence be and hereby is **DENIED**.

**DONE** this the 18th day of May, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**